CIV33027

Filed 9/12/2019 5:24 PM
Bobbye Richards
District Clerk
Polk County, Texas
Stephanie Moreno, Deputy

## CAUSE NO. CIV33027

| | | |
|---|---|---|
| LAKE LIVINGSTON CHURCH OF GOD | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | POLK COUNTY, TEXAS |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | |
| *Defendant.* | § | 411th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant State Farm Lloyds files this Original Answer and Defenses to Plaintiff's Original Petition.

### I.
### GENERAL DENIAL

1.      Defendant generally denies all material allegations contained in Plaintiff's Original Petition, and any amendment thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, Defendant would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendment thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2.      **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove the actual cash value of damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof of damages resulted from any accidental direct physical loss

during the policy period beyond those damages already paid by State Farm under the Policy.

3.      **Limit of Liability.** State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

4.      **Deductible/Offset.** Defendant is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's $5,000.00 deductible as well as an additional offset or credit in the amount of State Farm's prior claim payments to Plaintiff in the amount of $36,507.33.

5.      **Additional Offset.** To the extent Plaintiff is claiming damage to its property located at 115 Champion Way, Livingston, Texas 77351, and insured under the same policy at issue, Defendant is entitled to an additional offset or credit against Plaintiff's damages, if any, in the amount of State Farm's prior claim payments to Plaintiff of $24,253.01 for overlapping damages with the insurance claim at issue.

6.       **No Storm Created Opening.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were not caused by a storm created opening in the roof, walls, or outside building glass that allowed rain to enter the building. The Policy specifically provides:

**Property Subject To Limitations**

1.  We will not pay for loss to:
    e.  The interior of any building or structure, or the property inside any building or structure, caused by rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

        (1) The building or structure first sustains damage by a Covered Cause Of Loss to its roof, outside walls, or outside building glass through which the rain, snow, sleet, ice, sand or dust enters; or

> **(2)** The loss is caused by thawing of snow, sleet or ice on the building or structure.

Part of the damage to the interior of Plaintiff's property originated from wind-driven rain through pre-existing gaps or cracks in deteriorated roofing components, rather than a storm-created opening in the building. These losses are not insured under the Policy at issue.

7. **Loss Settlement Provision/Condition: Replacement Cost Benefits**. Under the Insuring Agreement, Plaintiff must first repair or replace the damaged property to recover replacement cost benefits. The Policy specifically provides:

**e. Loss Payment**

In the event of loss covered by this policy:

**(2)** At our option, we will either:

**(a)** Pay the value of lost or damaged property;

**(b)** Pay the cost of repairing or replacing the lost or damaged property;

**(c)** Take all or any part of the property at an agreed or appraised value; or

**(d)** Repair, rebuild or replace the property with other property of like kind and quality.

We will determine **e.(1)(a)** in accordance with the applicable terms of Paragraph **e.(4)** below or any applicable provision which amends or supersedes the terms of Paragraph **e.(4)** below.

*******

**(4)** Except as provided in Paragraphs **(b)** through **(e)** below, we will determine the value of Covered Property as follows:

**(a)** At replacement cost without deduction for depreciation, as of the time of loss, subject to the following:

**i.** We will pay the cost to repair or replace, after application of the deductible and without deduction for depreciation, but not more than the least of the following amounts:

**1)** The Limit Of Insurance under **SECTION I — PROPERTY** that applies to the lost or damaged property;

3

2) The cost to replace, on the described premises, the lost or damaged property with other property of comparable material, quality and used for the same purpose; or

3) The amount that you actually spend that is necessary to repair or replace the lost or damaged property . . .

*******

ii. We will not pay on a replacement cost basis for any loss:

1) Until the lost or damaged property is actually repaired or replaced; and

2) Unless the repairs or replacement are made as soon as reasonably possible after the loss.

Plaintiff lacks proof of completed repairs or replacement to all claimed damages associated with Plaintiff's insurance claim. As such, Plaintiff's recovery in this case, if any, is currently limited to the actual cash value of the covered property damage.

8.    **Wear and Tear, Deterioration.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by wear and tear. The policy at issue provides that wear and tear does not fall under the coverage of the policy:

## SECTION I – EXCLUSIONS

1. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

***********

**I. Other Types of Loss**

**(1)** Wear and tear;

**(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

***********

**(4)** Settling, cracking, shrinking or expansion . . .

4

Part of the damages Plaintiff is claiming to the property occurred over time through wear, tear, deterioration or settling, cracking, shrinking or expansion of building materials. These conditions are not insured under the policy at issue.

9.   **Mold.**   Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by mold. The policy at issue specifically provides:

**SECTION I – EXCLUSIONS**

1. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

***********

   **j. Fungi, Virus Or Bacteria**

   **(1)** Growth, proliferation, spread or presence of "fungi" or wet or dry rot; or

***********

   **(3)** We will also not pay for:

***********

   **(b)** Any remediation of "fungi", wet or dry rot, virus, bacteria or other microorganism, including the cost or expense to:

   **i.**   Remove the "fungi", wet or dry rot, virus, bacteria or other microorganism from Covered Property or to repair, restore or replace that property;

   **ii.**   Tear out and replace any part of the building or other property as needed to gain access to the "fungi", wet or dry rot, virus, bacteria or other microorganism; or

   **iii.**   Contain, treat, detoxify, neutralize or dispose of or in any way respond to or assess the effects of the "fungi", wet or dry rot, virus, bacteria or other microorganism; or

   **(c)** The cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of "fungi", wet or dry rot, virus, bacteria or other microorganism, whether performed prior to, during or after removal, repair, restoration or replacement of Covered Property…

***********

**SECTION I - DEFINITIONS**

**7.** "Fungi" means any type or form of fungus, including mold or mildew, and any mycotoxins, spores, scents or by products produced or released by fungi.

Part of the damages Plaintiff is claiming to the nursery and sanctuary resulted from mold or mildew. These conditions are not insured under the policy at issue.

10. **Surface Water**. Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by surface water. The policy at issue specifically provides:

SECTION I – EXCLUSIONS

1. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

***********

**h. Water**

   **(1)** Flood, surface water, waves (including tidal waves, tsunami, and seiche), tides, tidal water, overflow of any body of water, or spray or surge from any of these, all whether driven by wind or not;

   **(2)** Mudslide or mudflow;

   **(3)** Water or sewage that backs up or overflows from a sewer, drain or sump;

   **(4)** Water or sewage under the ground surface pressing on, or flowing or seeping through:

      **(a)**   Foundations, walls, floors or paved surfaces;

      **(b)**   Basements, whether paved or not; or

      **(c)**   Doors, windows or other openings; or

   **(5)** Material carried or otherwise moved by any of the Water, as described in Paragraphs **(1)** through **(4)** above.

Part of the damages Plaintiff is claiming to paneling, and to the interior of the fellowship hall and to the skirting of the parsonage resulted from surface water. This condition is not insured under the policy at issue.

11.     **Defective Workmanship, Repairs, or Maintenance**. Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by defective workmanship. The policy at issue specifically provides:

SECTION I – EXCLUSIONS

***********

3.  We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in Paragraphs **1.** and **2.** immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    **a.  Weather Conditions**

        Weather conditions. But this exclusion only applied if weather conditions contribute in any way with a cause of event excluded in Paragraph **1.** and **2.** above to produce the loss.

    **b.  Work**

        Faulty, inadequate or defective:

*************

        **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        **(3)** Materials used in repair, construction, renovation or remodeling; or

        **(4)** Maintenance;

        of part or all of any property (including land, structures or improvement of any kind) on or off the described premises.

Part of the damages Plaintiff is claiming occurred due to weatherproofing issues around roof flashing and windows, installation issues with respect to the metal roof paneling, deferred or defective maintenance to cracking around screws on the metal roof, and defective prior repairs. These conditions that are not insured under the policy at issue.

12. **Extension of Claim Handling Deadlines**. Tᴇx. Iɴs. Cᴏᴅᴇ § 542.059(b) applies to this Hurricane Harvey claim, such that the claim handling deadlines imposed by the Texas Prompt Payment of Claims Act (Tᴇx. Iɴs. Cᴏᴅᴇ § 542.055, *et seq*.) are all "extended for an additional 15 days," as provided for under that section.

13. **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including for violations of the Texas Insurance Code or any other statutory or common law authority.

14. **Cap on Punitive Damages.** Tᴇx. Cɪv. Pʀᴀᴄ. ᴀɴᴅ Rᴇᴍ. Cᴏᴅᴇ §41.001, *et seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and the common law. Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

## PRAYER

Defendant State Farm Lloyds prays that upon final trial and hearing hereof, that Plaintiff take nothing, and that Defendant recover its costs, fees, and expenses, and such other further relief to which Defendant may show itself justly entitled.

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**

By:   */s/ M. Micah Kessler*
   M. Micah Kessler
   State Bar No. 00796878
   Avniel Adler
   State Bar No. 24071933
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
Email: mkessler@nck-law.com
Email: aadler@nck-law.com

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

  I certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on September 12, 2019, in the manner(s) prescribed below:

David Dies
1703 Strickland Drive
Orange, Texas 77630
**VIA EFILE**

         */s/ Avniel Adler*
         Avniel Adler